IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL EVANS,                  :No.
    Petitioner              :           2:00cv664
    v.                      :
SUPERINTENDENT TENNIS, et al.,  :
    Respondent-             :

MOTION FOR RELIEF UNDER RULE 60(b)

AND NOW, comes, Michael Evans, (Petitioner), who files this Motion for Relief, pursuant to F.R.C.P. Rule 60(b), in support thereof represents the following:

I. JURISDICTION

This Court has jurisdiction to hear this Motion pursuant to Rule 60(b). Moreover, since the jurisdictional time bar in §2244(b)(3)(e) does not apply to Rule 60(b) motions this court has ample jurisdiction to reach the merits.

II. STATEMENT OF THE CASE

PROCEDURAL HISTORY

The Petitioner entered a guilty plea in the Court of Common Pleas of Allegheny County at Docket No.s cc9315998 and CC9316000 to counts 2 through 8, 10, 12 and 14, and entered a nolo contendere plea to counts 9, 11, 13 and 15. On April 6, 1995 petitioner was sentenced to an aggregate term of incarceration of 20 to 40 years.

Petitioner filed a PCRA Petition in the state Court which counsel was appointed. The PCRA Petition was filed on August 22, 1996, challenging the

Constitutionality of his guilty plea. The PCRA Court denied relief and the petitioner filed a timely appeal to the Superior Court of Pennsylvania which denied relief on April 9, 1999. The Supreme Court denied allowance on November 9, 1999.

The Petitioner thereafter filed a writ of habeas corpus with this Court at Michael Evans v. Superintendent at Docket No. 00-664. The Report and Recommendation denied all relief. Petitioner filed timely objections which were denied ny Judge Ziegler. Thereafter, petitioner filed a timely Notice of Appeal to the Third Circuit which was docketed at No. 01-2424. The Third Circuit denied a formal Application for Certificate of Appealability [1] on July 8, 2002.

Petitioner filed a Second PCRA Petition in the state court which counsel was appointed and at the latter permitted to withdraw. The PCRA Court denied relief and petitioner again appealed to the Superior Court, which affirmed judgement on August 25, 2004 at Docket No. 2035 WDA 2003. A timely Petition for Reargument was filed and entered in the Superior Court docket as a other petition remitted on October 5, 2004. The Superior Court docket shows no disposition of the Reargument Application, but claims the matter is closed.

### III. REASONS FOR GRANTING 60(b) MOTION

a) WHETHER THE PROSECUTOR COMMITTED FRAUD TO OBTAIN A CONVICTION, INSOFAR, AS THE PROSECUTION DID WITHHOLD DISCOVERY WHICH INDUCED A PLEA, THUS, THE FRAUD BY THE PROSECUTION CAUSED ADDITIONAL CHARGES TO BE ADDED TO THE GUILTY PLEA AT SENTENCING WHICH ARE ILLEGAL AS NO PLEA WAS ENTERED.

This Court clearly cannot rely upon its prior fact findings. A comprehensive review of the Report and Recommendation that was adopted by the District Court is in error. This Court cannot now rely on the law case

---

1. Petitioner filed for Nunc Pro Tunc Relief in the Supreme Court of Pennsylvania, asserting the Superior Court failed to serve a final order. The Application was denied on September 26th, 2005.

as it is not correct. For example the Report as an incorrect date of sentence, which is vital to the outcome of the proceedings. Petitioner has attached hereto exhibit (a) being an Affidavit from Petitioner's prior counsel during pretrial, plea and sentence proceedings. Clearly, had the Report and Recommendation independently reviewed the record, it would have found due to a prosecutorial fraud, petitioner was sentenced on additional counts of indictment, which he never entered a plea upon. This occurred on April 6, 1995 during the sentencing. Id. The Report as listed in its law of the case that Petitioner was sentenced on February 7, 1995. Id. See Report and Recommendation at (II).

Clearly, under the Fourteenth Amendment, since the petitioner never entered a guilty plea to the additional charges the prosecutor claims to have amended into the information; there was no jurisdiction for the Common Pleas Court to impose sentence. The Commonwealth through its fraudulent representations claims, that additional amendments were granted on November 21, 1994. The 11/24/94 date therefore, would be the same date petitioner entered a guilty plea. This is precisely what this court overlooked. Attorney Verdell Dean consistently claimed, if she was informed of the additional charges she would not have advised her client to plead guilty. To lend credence to petitioner's assertion, these additional charges did not come to light until the day of sentence, which there was a discussion on the record, and petitioner was sentenced on the additional charges without entering a guilty plea. Accordingly, this Court must take judicial notice that no reasonable fact finder would have allowed this conviction to stand, as this is official oppression, fraud, and possibly a civil, conspiracy by the prosecution in this case. This court may grant relief from the operation of judgement.

The Prosecution thus committed fraud in the discovery process. Petitioner's counsel filed a Motion to Compel Discovery, and the prosecution did not file any response until two days prior to its motion to amend the charges. The Commonwealth's Response is time stamped for September 1, 1994. Clearly, Verdell Deans Affidavit is accurate and proves beyond doubt that the Commonwealth committed fraud during the discovery process by forcing Verdell Dean to remain silent and accept this miscarriage of justice. This Court has the authority under 60(b)(6) to grant relief.

b) WHETHER THE AFFIDAVIT OF VERDELL DEAN DEMONSTRATES CONVINCING EVIDENCE THAT PETITIONER SHOULD HAVE BEEN GRANTED A PROCEDURAL COMPETENCY HEARING.

The Affidavit allows a clear picture that the petitioner was in a mental health institution, that on the day he entered his plea, he did not understand the proceedings, as he had to change answers at the direction of his counsel on the written plea form, he was informed the prosecution would not participate in sentence, which was fraud as the prosecution waited until the exact sentence to impose additional charges, and the petitioner informed the plea court he was not guilty.

Clearly, this entire case was based upon fraud. The Report found petitioner was sentence shopping and unhappy with his sentence as he waited three months. Accordingly, the affidavit lends credence that there should have a procedural competency claim, as it takes months and sometimes years for a tortured mental health individual to become conscious enough to finally realize what occurred in a previous event. Clearly, there has been a miscarriage of justice in the instant case at bar.

4

CONCLUSION

WHEREFORE, it is respectfully requested a show cause order issue upon the Commonwealth to Show Cause why the instant motion should not be granted. Petitioner further request this Court order each party to brief the issues by the date this Court sets.

Respectfully submitted,

*Michael Evans*

Michael Evans

#ES-1519

BOX A.

Bellefonte, Pa 16823

CERTIFICATE OF SERVICE

The undersigned, hereby certifies that a true and correct copy of the within document was served this 22nd day of December, 2005 upon the persons indicated below.

CLERK OF COURTS
U.S. DISTRICT COURT
PITTSBURGH, PA 15230

MICHAEL WAYNE STREILY, ESQ
ALLEGHENY DISTRICT ATTORNEY

401 Allegheny County Courthouse
Pittsburgh, Pa 15219

s/ *Michael Evans*

Michael Evans

# AFFIDAVIT

COMMONWEALTH OF PENNSYLVANIA  :
                              :  SS :
COUNTY OF ALLEGHENY           :

### RE: Commonwealth v. Michael Evans

I, Verdell Dean, hereby depose and I state that I represented Michael Evans respecting certain criminal cases in Allegheny County. During my representation, I entered into a plea agreement with the District Attorneys Office wherein, Michael would plead guilty in exchange for the District Attorney's Office refraining from the participation in his sentencing. Subsequent to the sentencing, I learned that there were additional cases for which I was not his attorney. Had I been made aware of these additional cases, I would not have recommended that Michael Evans accept the plea agreement.

Additionally, during my representation of Michael Evans during his sentencing, I was aware that Michael Evans was previously in a mental health institution, that he was taking very strong medication for his mental health and that on that day, he had taken some medication. Mr. Evans initially on his written plea colloquy stated that he had taken medication. After discussion with me, Mr. Evans changed his response to "no" because I told him that if he answers "yes", the Judge may not accept the agreement. After presentation of our case at sentencing, the Court, nonetheless, exceeded what was expected to our extreme disappointment.

*/s/ Verdell Dean*

SWORN to and subscribed
before me this _3rd_ day of _August_, 2002.

*/s/ Angela M. House*
Notary Public

My Commission expires 6-2-03

EXHIBIT A