IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL EVANS                    :

VS.                              : CIVIL ACTION NO. 00-0664

FRANKLIN J. TENNIS, et al :

### APPLICATION FOR RELIEF IN PURSUANT TO F.R.C.P. RULE 60(b)(1) (2)(3)(4)(6)

COMES NOW, Michael Evans (petitioner), herein, pro se; respectfully requests this Honorable Court grant relief in the above stated action and relieve the petitioner's judgment. And the petitioner avers the following:

1). Petitioner requests his Habeas Corpus judgment be releived due to new evidence questioning the validity of the plea agreement under Rule 60(b)(1)(2)(3)(4) and (6).

WHEREFORE, petitioner prays this Honorable Court grant relief by relieving petitioner's judgment of his precedent Habeas Corpus

Respectfully Submitted,

*Michael Evans*

Michael Evans

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL EVANS                    :

VS.                              : CIVIL ACTION NO. 00-0664

FRANKLIN J. TENNIS, et al :

## MEMORANDUM IN SUPPORT OF PETITION FOR RELIEF UNDER RULE 60(b)

### STATEMENT OF CASE

In 1995, Michael Evans (petitioner), entered a guilty plea-under agreement-in the Court of Common Pleas of Allegheny County at Dockets CC-9315998 and CC-9316000 of counts 2 through 8, 10, 12, and 14; and entered a plea of Nolo Contendre to counts 9, 11, 13, and 15.

On April 6, 1995, petitioner was sentenced to an aggregate term of state incarceration of twenty (20) to forty (40) years.

On August 22, 1996, petitioner filed a Post Collateral Relief act attacking the constitutionality of his conviction; thus, Counsel was appointed.

In 1997, the P.C.R.A. Court denied relief and petitioner filed a timely appeal to the Superior Court of Pennsylvania. On April 9, 1999, the Superior Court denied relief. Subsequently, on November 9, 1999, the Pennsylvania Supreme Court denied petitioner allowance to appeal.

Thereafter, petitioner filed a Civil complaint-Writ of Habeas Corpus-to this Honorable Court seeking same under docket no. 00-664, in which this court denied relief. Consequently, petitioner filed timely objection also denied.

As a result, petitioner filed a timely notice of appeal with the Third Circuit under No. 01-2424; the Third Circuit denied a formal application for Certificate of Appealability on July 8, 2002.

Thus, petitioner filed a subsequent P.C.R.A. petition in which the State Court again denied relief. Again, petitioner appealed to the Superior Court of Pennsylvania under No. 2035 WDA 2003. On August 25, 2004, the court affirmed said action.

On October 5, 2004, the Superior Court denied petition for re-argument. The Court construed the petition as a successive petition. According to the Superior Court the matter was closed. Therefore, petitioner, now having significant new evidence; namely, Verdell Dean, Esquires' (Attorney Dean) affidavit stating a beech of the plea agreement, ineffective assistance of counsel, and inducing a guilty plea. Thus, petitioner urges this court to consider the following under 60(b)(1)(2)(3)(4)(6).

It should however be noted the Third Circuit Court has recognized a pro se petitioner's pleading should be liberally construed in order to obtained substantial justice. UNITED STATES V GARTH, 188 F.3d 99 (3rd Cir. 1999); LEWIS V ATTORNEY GENERAL, 878 F.2d 714, 721 (3rd Cir. 1989).

Similarly, a 60(b) motion is designed to cure procedural violations in earlier proceedings in regards to the integrity

of the judgment and is not to be construed as a successive Habeas Corpus petition. ABDUR"RAHMAN V BELL, 1232 S.Ct. 594 (2002).

## DISCUSISION

Federal Civil Rules hold under rule 60(b), on a motion and upon such terms as are just, the court may relieve a party or party's legal representation from a final judgment, order, or proceeding. The Court stated in relevant part that: "(1) mistake inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under rule 59(b); (3) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void. . .(6) and any other reason justifying relief from the operation of the judgment" which satisfies said.

Many Districts have held-as a probability here-that courts should independently determine whether the 60(b) motion attempts to raise new claims or merely seeks to address propriety of prior Habeas proceedings to make a final determination. DUNLAP V FRANK, 123 S.Ct. 2644 (2003).

1). here, on November 20, 1994, petitioner agreed to an "oral" and "signed" plea agreement which on April 6, 1995, was verified on the record at sentencing Attached hereto, therefrom, marked as Exhibit (1), Exhibit (2), at N.T. at Pg., 4.

Petitioner agreed to the stipulated charges-although the plea was open-thus, a meeting of the minds had been resolved. The Commonwealth, specifically, the District Attorney, verbally stated, as part of the plea agreement, they would not participate

either way on sentencing; meaning, the Commonwealth would not argue sentencing or any other regarding this matter. See Exhibit (3). Yet, the Commonwealth petitioned the court to amend said indictment adding ten (10) counts of robbery and conspiracy, while looking to enhance sentencing. However, the D.A. did both. Attached hereto, therefrom, marked as Exhibit (4).

Furthermore, as mentioned, on August 3rd 2002, Attorney Dean signed an **affidavit** stating if she would have been aware of the additional charges she would not have recommended petitioner accept such a plea. Attorney Dean further represents the District Attorney was not to participate in the sentencing phase of this matter as complained. Attached hereto, therefrom, marked as Exhibit (3). Obviously, as an officer of the court, Attorney Dean recognizes the breech of contract as a two (2) prong rupture that significantly prejudiced petitioner requiring legal remedy.

Under SANTEBELLO V NEW YORK, 404 U.S. 257, 92 S.Ct. 495 (1971), the Supreme Court unequivocally held a prosecutor may enter into a plea agreement, but after doing so, must fulfill its promises contained therein. If the prosecutor fails to do so, whether purposely or inadvertently, that breech must be **remedied** regardless whether the defendant was prejudiced thereby. In order to determine whether a plea agreement was breeched. The first step is to define what the Commonwealth agreed to do, then, the parameters of said agreement. Id. DUNN V COLLERAN, 247 F.3d 450 (3rd Cir. 2001). Thus, this court is empowered to grant this motion under Rule 60(b)(1)(2)(3)(4) and (6). See

<u>SAWAKA V HEALTHEAST</u>, 989 F.2d 138, 140 (3rd Cir. 1993).

2). Attorney Dean was ineffective for failing to object to the additional charges and the Commonwealths' participation in the sentencing process. Attached hereto, therefrom, marked as Exhibit (4), N.T. at Pg., 4, 30-33. <u>DUNN</u>, Supra, at 247, F.3d 450, 457.

It has been well settled when counsel fails to object, and request an adjournment at sentencing, to a plea agreement that has been breeched, counsel has subjected a client to ineffective assistance of counsel and due process. <u>DUNN V COLLERAN</u>, 247 F.3d 450 (3rd Cir. 2001); <u>STRICKLAND V WASHINGTON</u>, 104 S.Ct. 2052 (1984).

Certainly, if Attorney Dean would have objected, and requested an adjournment, more than likely, the court would have "voided" the plea agreement and their would have been no agreement. Thus, under Rule 60(b)(2)(4) and (6), the significant question rests on whether Attorney Dean, with intent, was maliciously ineffective, or merely ineffective as a result.

These are the objective questions that need to be answered within the scope of a Habeas Corpus evidentiary hearing; either way however, Attorney Dean was ineffective constituting resolution.

3). Again, on November 20, 1994, petitioner signed a plea agreement with the Commonwealth agreeing to the terms set-forth. As petitioner answered each individual question, Attorney Dean observed each and every answer. Upon reaching questions 60, 61, and 62, petitioner answered each "yes." Attorney Dean

explained later to petitioner if he did not answer the questions with a "no" the court would not accept this plea, knowing of petitioner's past. Petitioner argued that the truth is asto question 60: "have you ever had any physical or mental illness that would effect your ability to understand these rights of affect the **voluntary** nature of your plea" that he has indeed inscribed to a mental institution due to suicidal tendencies, depression, and schizorphrenia. Asto question 61: "are you presently taking any medications which might affect your thinking or your free will." Again, petitioner explained to Attorney Dell he was under medications for the above procedures. Asto question 62: "Have you had any narcotics in the last forty eight (48) hours" Again, petitioner explained to Attorney Dean he had, along with his daily medications, using or withdrawing from both mentioned.

On August 3rd 2002, Attorney Dean, as a court officer, completed an "Affidavit" stating that she "was aware" petitioner was in a "mental institution" and encouraged petitioner to change said answers. Attached hereto, therefrom, marked as Exhibit (3). Furthermore, the Court itself acknowledged the changed answers, yet, failed to justify-in depth-requiring an explanation for those changes made within those particular answers.

Obviously, those answers struck a nerve with the court demonstrating a foundation-on the record-petitioner was coerced to change them necessitating further exploration. Attached hereto, therefrom, marked as Exhibit (5), at pg., 9.

Thus, the agreement may not have been "knowing and

intelligent" which could not have been presented at the time of filing the Habeas action because Attorney Dean's affidavit was not available. Thus, under Rule 60(b)(1)(2)(3) and (4) which governs review to determine said question should be granted. MORRIS V HORN, 187 F.3d 333, 341 (3rd Cir. 1999).

These issues could not, in a diligent fashion, prior to exhaustion in state courts, be pursued due to the lack of knowledge of Attorney Deans statements. As a result, petitioner urges this Honorable Court to grant his petition under Rule 60(b)(1)(2)(3)(4)(6), relieving judgment; permitting petitioner to re-file a Habeas Corpus in order to avoid a manifest miscarriage of justice under MURRY V CARRIER, 427 U.S. 478, 494, 106 S.Ct. 2678 (1986).

*Michael Evans*

Michael Evans

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL EVANS           :

VS.                     : CIVIL ACTION NO. 00-0664

FRANKLIN J. TENNIS, et al :

### CERTIFICATE OF SERVICE

I, Michael Evans, hereby certify a true and correct copy of the foregoing has been sent on this 21st day of February 2005, via United States Postal Service, Pre-paid, First-Class, to the following:

District Attorney of Allegheny County
436 Grant Street
Pittsburgh, PA 15219

*Michael Evans*

Michael Evans