IN THE COURT OF COMMON PLEAS OF ALLEGHENY
CRIMINAL DIVISION

EXHIBIT (1)

COMMONWEALTH OF PENNSYLVANIA )
)
vs. ) CC NO. 9315998
)
Michael Cyrus )

## GUILTY PLEA
## EXPLANATION OF DEFENDANT'S RIGHTS

You or your attorney have indicated to the officers of this Court that you wish to plead guilty or nolo contendere to certain specific criminal charges which the Commonwealth of Pennsylvania has brought against you.

In order to have your plea accepted by this Court here today, you must waive your right to confront the prosection witnesses against you and agree to permit an Assistant District Attorney to summarize the Commonwealth's evidence against you. You must agree to stipulate to the authenticity and accuracy of any Crime Laboratory reports presented by the Commonwealth and to the chain of custody of any of the Commonwealth's evidence involved in your case.

You must fully understand that your plea must be voluntary and no clemency is being promised in exchange for your plea, with the exception of any plea bargain or arrangement previously agreed to between your attorney and the Assistant District Attorney assigned to your case.

By pleading guilty to any charge you are admitting that you committed that offense. By pleading nolo contendere you are stating that you do not contest the charges against you. In either case, the Commonwealth would not have to prove each and every element of the crimes with which you are charged as would be required in a jury or non-jury trial.

Please be advised that you must fully understand that the Constitution of the United States of America and the Constitution of the Commonwealth of Pennsylvania give to you an absolute right to have a trial by jury.

If you intend to waive your Constitutional right to a trial by jury, please answer all the questions on this form. Most of the questions are designed to be answered "yes" or "no." Where general

1



information is requested, please answer the question as fully as possible.

If you do not understand the question, you should say so in writing on this form. You should also tell your lawyer and the judge who hears your case so they can explain it to you. You must fully understand all of your rights before your plea can be accepted by the judge.

You should initial each page at the bottom after you have read, understood and completed your answers to the questions on that page. When you have finished all of the questions, you must sign the form at the end.

1. What is your full name? Michael Evans

2. How old are you today? 32 yrs.

3. How far did you go in school? GRAD.

4. Can you read, write and understand the English language? Yes

5. Do you understand that because you have been charged with more than one offense the court may impose a separate, or consecutive, sentence for each offense? yes

6. Have you discussed with your attorney the elements of each charged offense? yes

7. Have you discussed with your attorney the factual basis of each charged offense? yes

8. Have you discussed with your attorney how the facts in your case prove the elements of each charged offense? yes

9. Do you understand that both the Constitution of the United States of America and the Constitution of the Commonwealth of Pennsylvania give you an absolute right to a trial by jury? yes

10. Do you understand that if you want a jury trial, you would take part in the selection of the jury along with your attorney and with the Assistant District Attorney assigned to prosecute your case? yes

11. Do you understand that you and your attorney and the Assistant District Attorney assigned to prosecute your case would select a jury from a panel of jurors randomly picked by computer from the voter registration lists and other legally approved lists of citizens of Allegheny County? yes

2



12. Do you understand that both the defense and prosecution would have the right to "challenge" members of the jury panel and that this means you and the prosecution would have the right to keep certain persons on the jury panel from being a member of the jury in your case? ___yes___

13. Both you and the prosecution would have as many challenges "for cause" as the court would approve. "For cause" means a good reason why the challenged person could not be an impartial juror in your case. Do you fully understand this? ___yes___

14. Both you and the prosecution would each also have a number of "peremptory challenges". A "peremptory challenge" is one in which no reason has to be given to prevent a prospective juror from being a member of your jury. If you are charged with felonies, both you and the prosecution each have seven "peremptory challenges." If you are charged only with misdemeanors, both you and the prosection each have five "peremptory challenges." Do you fully understand this? ___yes___

15. All twelve members of the jury finally selected would have to be satisfied that the Commonwealth had proven your guilt beyond a reasonable doubt on each charge; that is, the vote of all twelve must be guilty before you could be found guilty? Do you fully understand this? ___yes___

16. You also may choose to be tried before a judge without a jury in what is called a "non-jury" trial and that the judge, in addition to ruling on legal questions and defining the law as in jury trials would also sit as a trier of fact, much like a jury does in a jury trial; and it would be the judge who determines from the evidence presented whether the Commonwealth has proven you guilty beyond a reasonable doubt. Do you fully understand this? ___yes___

17. In either the jury trial or non-jury trial before a judge, you enter the courtroom clothed with the presumption of innocence and that presumption remains with you until such time, if ever, that a jury in a jury trial or judge in a non-jury trial, would find you guilty beyond a reasonable doubt. Do you fully understand this? ___yes___

18. In either a jury trial or in a non-jury trial before a judge, it is the burden of the Commonwealth to prove you guilty "beyond a reasonable doubt," and to do this the Commonwealth must prove each and every element of the crime or crimes with which you are charged "beyond a reasonable doubt" to the satisfaction of all twelve jurors in a jury trial or to the satisfaction of the judge in a non-jury trial. Do you fully understand this? ___yes___

3

(ME)

19. A reasonable doubt is an honest doubt arising from the evidence presented or from the lack of evidence and it is the kind of doubt that would cause a reasonable, prudent person to pause or to hesitate before acting in a matter of the highest personal importance. Do you fully understand this? __yes__

20. In either a jury trial or a non-jury trial before a judge, you have the absolute right to remain silent and need not present any evidence in your own behalf and there is no burden placed on you to prove your own innocence or, for that matter to prove anything since the burden is always on the Commonwealth to prove you guilty beyond a reasonable doubt. Do you fully understand this? __yes__

21. However, in either a jury trial or a non-jury trial before a judge, you have the right, if you so desire, to testify and to have witnesses testify on your behalf and you would have the right to present any relevant evidence which you would tend or help to prove your innocence and to challenge the evidence and testimony presented by the prosecution. You also would have the right either yourself or through your attorney to cross-examine or question any witnesses presented by the Commonwealth in order to test their credibility and the truthfulness of their testimony. Do you fully understand this? __yes__

22. By pleading guilty or nolo contendere you are giving up all of these rights described in the previous questions. Do you fully understand this? __yes__

23. When you plead guilty or nolo contendere, the Commonwealth would not have to prove each and every element of the crime or crimes with which you are charged by the presentation of witnesses and/or other evidence but the Assistant District Attorney could simply present a summary of the evidence against you. Do you fully understand this? __yes__  *[margin note: CAN WE GET DA SUMMARY?]*

24. By pleading guilty, you are admitting you committed the crime or by pleading nolo contendere, you are stating that you do not challenge or dispute the charges against you. Do you fully understand this? __yes__

25. By pleading guilty or nolo contendere, you give up the right not only to file pretrial motions, but also you abandon or give up any pretrial motions already filed and not yet decided and any pretrial motions in which decisions were already made. Do you fully understand this? __yes__

26. Do you understand that by pleading guilty or nolo contendere, you also give up the right to present or assert any defenses on your behalf? __yes__

*[margin note: WHY DID SHE ABANDON MY Defense?]*

4

*(ME)*

27. If you were convicted after a jury trial or non-jury trial before a judge, you could appeal the verdict to a higher court and raise any errors that were committed in the trial court and this could result in a new trial or a dismissal. By pleading guilty you are giving up this right. Do you fully understand this? __yes__

28. Do you fully understand that if you were convicted after a jury trial or a non-jury trial before a judge, you could challenge in this Court and in the appellate courts whether the Commonwealth had presented enough evidence to prove you guilty beyond a reasonable doubt? __yes__

29. By pleading guilty or nolo contendere, you give up certain rights of appeal; in a jury trial or a non-jury trial before a judge, you would have the right to appeal any errors that might arise in your case to the Superior Court of Pennsylvania. However, when you plead guilty or nolo contendere, you limit the grounds for those appeals to four specific reasons:

    1. that this Court did not have jurisdiction in your case. With rare exception, this Court only has jurisdiction where the crime was committed in Allegheny County;

    2. that the sentence or probation imposed by this Court is illegal;

    3. that your plea was not knowingly, intelligently, and voluntarily made; and

    4. the incompetence or ineffectiveness of the attorney who represents you.

    All other grounds for appeal are given up. Do you fully understand this? __yes__

30. Do you understand that you have the right to file a motion seeking to withdraw your guilty plea or your nolo contendere plea at any time prior to the date of sentencing? __yes__

31. Do you understand that you must be sentenced within sixty (60) days of the date of the entry of your plea of guilty or your plea of nolo contendere? __yes__

32. Do you understand you have the right within ten (10) days after you have been sentenced to file a motion seeking to withdraw your guilty plea or your plea of nolo contendere? __yes__



33. If you were to file a motion seeking to withdraw your plea of guilty or plea of nolo contendere, either prior to sentencing or within ten (10) days after sentencing, that motion must be filed in writing. If you would fail to do so within these time periods, you would forever give up those rights. Do you fully understand this? ___yes___

34. In order to appeal your conviction that results for your plea of guilty or nolo contendere, you must file in writing your motion seeking to withdraw your plea, either prior to sentencing or within ten (10) days after sentencing and state one or more of the four (4) grounds listed below as the basis for a motion seeking to withdraw your plea:

   a) Your plea was not knowingly, intelligent and voluntary;

   b) that your crime was not committed within the jurisdiction of this Court, i.e., not committed within Allegheny County;

   c) that the sentence of this Court is illegal; and/or,

   d) that your attorney was ineffective and incompetent.

   If you do not file this motion within the proscribed time limits, you will have given up this right. Do you fully understand this? ___yes___

35. If your motion seeking to withdraw your plea of guilty or nolo contendere, which is filed prior to sentencing, is denied you would have ten (10) days from the date of sentencing to file with this Court a post-sentencing motion challenging the denial of your motion to withdraw your plea of guilty or your plea of nolo contendere. Do you fully understand this? ___yes___

36. Following the imposition of sentence upon you for your entry of either a plea of guilty or a plea of nolo contendere, you have the right to file post-sentencing motions with this Court which include:

   a) a motion challenging the validity of a plea of guilty or nolo contendere;

   b) a motion challenging the denial of a motion seeking a plea of guilty or nolo contendere;

   c) a motion to modify sentence.

   Do you fully understand these rights? ___yes___



37. If you would file any post-sentencing motions, those motions must be decided by this Court within one hundred twenty (120) days of the date of the filing of said motions, or within one hundred fifty (150) days of the filing of those motions if you sought and were granted a thirty (30) days extension, which extension only you can request? Do you fully understand this? __yes__

38. If your post-sentencing motions are not decided within one hundred twenty (120) days of the date of filing, or within one hundred fifty (150) days of the date of filing, if you sought and received a thirty (30) day extension, then said motions are deemed to have been denied by operation of law and cannot be reconsidered by this Court. Do you fully understand this? __yes__

39. If this Court would deny your post-sentencing motion within either the one hundred twenty (120) or one hundred fifty (150) day time periods, you would have the right to file with this Court a motion to reconsider the denials of your post-sentencing motions; however, any motion to reconsider the denial of post-sentencing motions must be filed by you and decided by this Court within either the one hundred twenty (120) or one hundred fifty (150) day time limits. If such a motion to reconsider the denial of post-sentencing motion is not filed by you or, if filed, not decided by this Court within the one hundred twenty (120) or one hundred fifty (150) day time limits, then any appellate rights that you have begin to run from the last day of either time limit. Do you fully understand this? __yes__

40. Should your post-sentencing motion be denied by this Court or by operation of law, you will receive, either from this Court or from the Clerk of Courts, an order of court advising you of your appellate rights, the right to assistance of counsel, if indigent, the right to proceed in forma pauperis, and, the qualified right to bail. Any appeal to the Superior Court must be filed within thirty (30) days of the denial of your post-sentencing motion. Do you fully understand? __yes__

41. If you wish to file any of these motions with this Court or an appeal to the Superior Court of Pennsylvania and cannot afford an attorney to assist you do so, this Court will appoint an attorney to assist you to do so, this Court will appoint an attorney for you at no cost to you. Do you fully understand this? __yes__

42. When you plead guilty or nolo contendere, and your plea is accepted by this Court, all that remains is for the judge to sentence you on the charges to which you are pleading; but if your plea is rejected, your case will be sent back for reassignment to another courtroom and another judge for trial.

7

    Do you fully understand this? __yes__

43. If there is a mandatory minimum sentence applicable and this mandatory sentence is sought by the Commonwealth, then this Court has no discretion to impose a lesser sentence and must impose <u>at least</u> the minimum sentence that is required by law. Do you <u>fully understand</u> this? __yes__

44. Are you aware that if the offenses with which you are charged do not require a mandatory sentence under the statutory law of Pennsylvania, this Court is not bound by the sentencing guidelines and may deviate from the guidelines; however, if the Court does so, both the District Attorney and you would have a right to appeal such deviation? __yes__

45. Do you understand that if you are entering a plea of guilty or a plea of nolo contendere to the charge of Violation of the Controlled Substance, Drug, Device and Cosmetic Act, that independent of any sentence this Court might impose, the Department of Transportation has the right, upon receipt of notice of this conviction, to impose an additional penalty upon you, in the form of the suspension of your driver's license for a period of time ranging anywhere from ninety (90) days to two (2) years. __yes__

46. Do you understand that if you are entering a plea of guilty or a plea of nolo contendere to the charge of Violation Vehicle Code: Driving Under Influence of Alcohol, a controlled Substance or both, that independent of any sentence this Court might impose, the Department of Transportation has the right, upon receipt of notice of this conviction, to impose an additional penalty upon you, in the form of the suspension of your driver's license for a period of one (1) year. __yes__

47. Do you understand that any term of imprisonment imposed as a result of your plea may be imposed separately, or consecutively, with any other state or federal term of imprisonment you are currently serving? __yes__

48. Do you understand that the conviction that will result from your plea may serve as a violation of any term of state or federal probation or parole? __yes__

49. Do you understand that a violation of your state or federal probation or parole could result in the imposition of a further separate, or consecutive, term of imprisonment? __yes__

50. Your plea must be voluntary and your rights must be voluntarily, knowingly and intelligently waived. If anyone has promised you anything other than the terms of a plea bargain, your plea will be rejected. If anyone has forced you or



attempted to force you in any way to plead guilty or nolo contendere, your plea will be rejected. Do you fully understand this? __yes__

51. Has anybody forced you to enter this plea? __yes__

52. Are you doing this of your own free will? __yes__

53. Have any threats been made to you to enter a plea? __yes__

54. Do you understand that if there is a plea bargain in this case the terms of the plea bargain will be stated on the record before the judge and that you will be bound by the terms of the plea bargain as they appear of record? __yes__

55. Do you understand that this Court is not bound by any plea bargain entered into by you and the District Attorney? __yes__

56. If the Court rejects the plea bargain after hearing a summary of the evidence, you would then have a right to withdraw your plea and your case would be reassigned to another judge before whom you would have the option of entering a straight plea with no plea bargain involved or have your case heard by that judge in a non-jury trial and, of course, you would still have the right to a trial by jury if you so desire. Do you fully understand this? __yes__

57. Are you satisfied with the legal advice and legal representation of your attorney? __yes__

58. Have you had ample opportunity to consult with your attorney before entering your plea, and are you satisfied that your attorney knows all of the facts of your case and has had enough time within which to check any questions of fact or law which either you or your attorney may have about the case? __yes__

59. Has your attorney gone over with you the meaning of the terms of this document? __yes__

60. Have you ever had any physical or mental illness that would affect your ability to understand these rights or affect the voluntary nature of your plea? __~~yes~~ NO__

61. Are you presently taking any medication which might affect your thinking or your free will? __~~yes~~ NO__

62. Have you had any narcotics or alcohol in the last forty-eight (48) hours? __~~yes~~__

63. A. If you are entering a plea of guilty you admit that you committed the crime(s) with which you are charged and to

9

which you are pleading guilty. Do you fully understand this? __yes__

B. If you are entering a plea of nolo contendere, do you admit that you are not challenging the charges against you? __yes__

64. Do you understand your rights? __yes__

I AFFIRM THAT I HAVE READ THE ABOVE DOCUMENT IN ITS ENTIRETY, I UNDERSTAND ITS FULL MEANING, AND I AM STILL NEVERTHELESS WILLING TO ENTER A PLEA TO THE OFFENSES SPECIFIED. I FURTHER AFFIRM THAT MY SIGNATURE AND INITIALS ON EACH PAGE OF THIS DOCUMENT ARE TRUE AND CORRECT.

DATE: __11-30-94__     __Michael Evans__
                      Signature of Defendant

### CERTIFICATION OF DEFENSE COUNSEL



I certify that:

(1) I am an attorney admitted to the Supreme Court of Pennsylvania.
(2) I represent the defendant herein.
(3) I know no reason why the defendant cannot fully understand everything that is being said and done here today.
(4) The defendant read the above form in my presence and appeared to fully understand it; I have gone over the form completely with the defendant, explained all of the items on the form and answered any questions he or she had.
(5) I see no reason why the defendant cannot and is not knowingly intelligently and voluntarily giving up his or her rights to trial and pleading guilty.
(6) I made no promises to the defendant other than any that appear of record in this case.

DATE: __Nov. 21, 1994__    _____
                           Attorney for Defendant

10