IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL EVANS
    Petitioner,

    v.                    Civil Action No. 00-664

SUPERINTENDENT, STATE       Judge Joy Flowers Conti
CORRECTIONAL INSTITUTION    Magistrate Judge Amy Reynolds Hay
ROCKVIEW, et al.,

    Respondents.

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is recommended that the petition for writ of habeas corpus be transferred to the United States Court of Appeals for the Third Circuit for consideration as an application to file a successive petition as required under 28 U.S.C. § 2244(b)(3).

### II. REPORT

Petitioner, Michael Evans, is a state prisoner incarcerated at the State Correctional Facility at Rockview, located in Bellefonte, Pennsylvania. Presently pending before the court is his Amended Application for Relief Pursuant to Federal Rule of Civil Procedure 60(b). (Doc. 17).

#### A. Relevant Factual and Procedural Background

On November 21, 1994, Petitioner pleaded guilty to several counts of robbery in the Court of Common Pleas of Allegheny County. He was sentenced to an aggregate term of imprisonment of

twenty to forty years. He did not file a direct appeal. A subsequent post-conviction motion for relief filed pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA") was denied.

On or around April 18, 2000, Petitioner filed in this court a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 3). He claimed, inter alia, that he received constitutionally ineffective assistance of counsel because his plea was not adequately explained to him and that he was not mentally competent to enter his plea.

Judge Donald E. Ziegler referred this case to Magistrate Judge Kenneth J. Benson, who recommended that the petition be dismissed and that a certificate of appealability be denied. (Doc. 8). On May 15, 2001, Judge Ziegler adopted Magistrate Judge Benson's Report and Recommendation as the Opinion of the Court. (Doc. 10). On July 8, 2002, the Court of Appeals for the Third Circuit denied Petitioner's request for a certificate of appealability.[1] (Doc. 12).

Now, more than three years later, Petitioner seeks to reopen this case. On March 9, 2006, he filed an Amended Application for Relief Pursuant to Federal Rule of Civil Procedure 60(b) (hereinafter "Amended Rule 60(b) Motion"). (Doc. 17). Therein,

---

1. After the Court of Appeals denied the request for a certificate of appealability, Petitioner filed a second PCRA petition. The Common Pleas Court denied relief. On August 25, 2004, the Superior Court of Pennsylvania affirmed the Common Pleas Court's decision.

he claims that this court's 2001 denial of his habeas petition must be reviewed "due to new evidence questioning the validity of the plea agreement[.]" (Doc. 17 at 1). The purported "new evidence" to which Petitioner refers is an affidavit dated August 2002 and signed by his trial counsel, Verdell Dean. (Doc. 13 at 7). Therein, Attorney Dean makes averments with respect to matters related to Petitioner's plea proceeding and his sentencing hearing. (Doc. 13 at 7).

In his Amended Rule 60(b) Motion, Petitioner also raises the following three claims for relief:

> (1) The Commonwealth breeched its plea agreement due to the conduct of the District Attorney at the 1995 sentencing hearing;
>
> (2) Attorney Dean provided him with ineffective assistance of counsel for failing to object to the District Attorney's conduct at the sentencing hearing and for encouraging him to lie to the state court regarding his mental health history and his medication, drug, and alcohol use;
>
> (3) His plea was not knowing and voluntary because he was under the influence of medication, drugs, and/or alcohol.

(Doc. 17 at 4-6).

### B. Applicability of AEDPA's Limitation on Second or Successive Habeas Petitions to a Motion Filed Under Rule 60(b)

Before reaching the merits of Petitioner's Amended Rule 60(b) Motion, the court must determined whether the motion is, in essence, a second or successive habeas corpus petition. Such a

ruling is necessary because The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits a petitioner's ability to bring a second or successive habeas petition. 28 U.S.C. § 2244(b)(3) (effective Apr. 24, 1996).

AEDPA mandates that before filing a second or successive habeas corpus petition, a petitioner must obtain an order from the Court of Appeals authorizing the district court to consider the petition.[2] Id. § 2244(b)(3)(A); see e.g., In re Minarik, 166 F.3d 591, 600, 609 (3d Cir. 1999). The allocation of gatekeeping responsibilities to the Court of Appeals provided by AEDPA has divested the district courts of subject matter jurisdiction over habeas petitions that are second or successive filings. See, e.g., Robinson v. Johnson, 313 F.3d 128, 140 (3d Cir. 2002).

The United States Supreme Court has ruled that a Rule 60(b) motion to vacate a judgment denying a habeas corpus petition under 28 U.S.C. §2254 is construed as a second or successive habeas petition where the motion seeks to challenge the underlying state conviction. Gonzalez v. Crosby, — U.S. — , 125 S.Ct. 2641 (2005); see also Pridgen v. Shannon, 380 F.3d 721 (3d Cir. 2004). Such is the case here. As a result, Petitioner's current federal habeas corpus action is a second or successive

---

2. Once a petitioner moves for authorization to file a second or successive petition, a three-judge panel of the court of appeals must decide within thirty days whether there is a prima facie showing that the application satisfies § 2244's substantive requirements. 28 U.S.C. § 2244(b)(3)(D).

petition and it is subject to the certification requirements set forth in 28 U.S.C. § 2244(b).

A review of the computerized dockets of the Court of Appeals for the Third Circuit shows that Petitioner has not sought nor received from the appeals court permission to file a second or successive petition.  Accordingly, this action should be transferred to the Court of Appeals to consider as an application to file a successive petition.

### III. CONCLUSION

For the reasons discussed above, it is recommended that the petition for writ of habeas corpus be transferred to the United States Court of Appeals for the Third Circuit as an application to file a successive petition pursuant to 28 U.S.C.§ 2244(b)(3).

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file

timely objections may constitute a waiver of any appellate rights.

                                        Respectfully submitted,

                                        /s/ Amy Reynolds Hay
                                        AMY REYNOLDS HAY
                                        United States Magistrate Judge

Dated:   4 April, 2006

cc:   The Honorable Joy Flowers Conti
     United States District Judge

     Michael Evans
     AP-9736
     SCI Rockview
     Box A
     Bellefonte, PA 16823

     Rebecca D. Spangler
     Office of the District Attorney
     Post Conviction/Habeas Corpus
     401 Allegheny County Courthouse
     Pittsburgh, PA 15219