IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL EVANS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Civil Action No. 00-0664 |
| ) | |
| SUPERINTENDENT, STATE ) | Judge Joy Flowers Conti |
| CORRECTIONAL INSTITUTION ) | Magistrate Judge Amy Reynolds Hay |
| ROCKVIEW, ATTORNEY GENERAL ) | |
| OF THE COMMONWEALTH OF ) | |
| PENNSYLVANIA, ) | |
| ) | |
| Respondents. ) | |

ORDER

AND NOW, this 11th day of September, 2006, upon consideration of the Application for Relief Pursuant to F.R.C.P. 60(b)(2)(6) heretofore submitted by the Petitioner, IT IS HEREBY ORDERED that the motion (doc. 21) is DISMISSED as moot. Previously in this case, in and around April 18, 2000, Petitioner filed a petition for writ of habeas corpus, which the district court denied in 2001, and for which the appellate court denied a certificate of appealability in 2002. On December 22, 2005, the Petitioner filed a Motion for Relief Under Rule 60(b) (doc. 13) and subsequently filed a Motion to Amend or Correct his Motion for Relief Under Rule 60(b) (doc. 14). The Court granted the Motion to Amend or Correct (doc. 16) and Petitioner filed his Amended Application for Relief Pursuant to Rule 60(b) ("Amended Application")(doc. 17) on March 9, 2006. Upon receipt of the Amended Application, the Court administratively terminated Petitioner's motion filed at docket number 13 since the Amended Application rendered that motion moot.

Thereafter, this court treated the Amended Application as an application to file a successive habeas petition pursuant to 28 U.S.C.§ 2244(b)(3) and transferred the Amended Application to the United States Court of Appeals for the Third Circuit for review and determination. By Order entered July 19, 2006, the Third Circuit denied the Amended Application and entered the following Order:

> The foregoing application to file a second petition pursuant to 28 U.S.C. § 2254 is denied. To the extent that Petitioner's proposed claims were raised in his previous habeas petition, those claims are dismissed. See 28 U.S.C. § 2244(b)(1). Petitioner has not shown that any proposed claim in his application rests on a new rule of constitutional law. See 28 U.S.C. § 2244(b)(2)(A). Petitioner has likewise failed to demonstrate the existence of a factual predicate for his claims which could not have been discovered previously through the exercise of due diligence, as required by 28 U.S.C. § 2244(b)(2)(B)(i). Consequently, Petitioner has not made the prima facie showing required for authorization to file a second or successive habeas corpus petition. See 28 U.S.C. § 2244(b)(3)(C).

Because the instant application seeks in effect to reinstate the Amended Application, which has been denied, the application is moot and there is no further relief that the Court can afford Petitioner on this matter.

In his most recent application, the Petitioner expresses concern that his Rule 60(b) motion was never ruled upon since he received the notification that his Motion for Relief Under 60(b) was terminated. However, as explained above, said motion was mooted and replaced by the Amended Application, which was ultimately ruled upon by the Third Circuit. The

"termination" of the original motion was merely an administrative action and did not prevent the

Court from reviewing and deciding Petitioner's Amended Application.

                                        /s/ Amy Reynolds Hay
                                        AMY REYNOLDS HAY
                                        United States Magistrate Judge

cc:    Michael Evans
        AP-9736
        SCI Rockview
        Box A
        Bellefonte, PA 16823

        Rebecca D. Spangler
        Office of the District Attorney
        Post Conviction/Habeas Corpus
        401 Allegheny County Courthouse
        Pittsburgh, PA 15219