IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL P. EVANS             :

v                            : CIVIL ACTION NO. 00-0664

SUPERINTENDENT-ROCKVIEW, et al. :

### APPLICATION FOR CERTIFICATE OF APPEALABILITY

COMES NOW, Petitioner, Michael P. Evans, herein, pro se; respectfully requests this honorable court grant relief; a authorize petitioner to proceed with a "certificate of appealability." And the petitioner avers the following:

1). See memorandum in support.

WHEREFORE, petitioner prays this honorable court grant relief and authorize petitioner to proceed with a "certificate of appealability.

Respectfully Submitted,

*Michael P. Evans*
Michael P. Evans

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL P. EVANS           :

v                          : CIVIL ACTION NO. 00-0664

SUPERINTENDENT-ROCKVIEW, et al. :

## MEMORANDUM IN SUPPORT OF PETITION FOR CERTIFICATE OF APPEALABILITY

The purpose of this memorandum it to support Michael P. Evans' (petitioner) petition for a certificate of appealability. Petitioner contends this honorable courts' dismissal of petitioner's "60(b)" motion as moot, was in error.

### DISCUSSION

Petitioner had previously filed a 60(b) motion and requested to amend that motion. The amended motion was construed as an application to file a successive habeas corpus. Thereafter, the district court, by statute, sent the application for authorization to file a successive habeas corpus to the Third Circuit court of appeals. Subsequently, the Third Circuit denied the application to proceed. Attached as Exhibit (1).

Petitioner then filed a 60(b) motion complaining the federal court erroneously misapplied the statute when considering an evidentiary hearing. The district court denied the motion as moot. The court held that petitioners' issues had previously

been litigated. Attached as Exhibit (2).

The court foreclosed on petitioner's 60(b) motion, because the court interpreted petitioner's motion as; (1) a application to reopen petitioner's successive habeas corpus and; (2) that petitioner had filed a 60(b) motion that the court had reviewed, and dismissed. Id., at Pg., 3. The court's holding is in error!

The underlying principle of a 60(b) motion attacks the integrity of a federal habeas corpus court's determination. The underlying principle for an application to file a successive habeas corpus is to attack claims of constitutional dimensions at trial.

In order for the court to make a determination that a 60(b) motion is a 60(b) motion or a successive habeas corpus, the district court's must examine the Supreme Court's determination in GONZALEZ v CROSBY, 125 S.Ct. 2641 (2005). The court held:

> to construe a 60(b) motion as a successive habeas corpus, the moveant must assert that a previous ruling regarding an issue complained was in error. In other words, the moveant must assert a "claim." Once a moveant has made that "claim," his petition is labeled as a successive habeas corpus. See also, ABDUR'RAHAM v BELL, 123 S.Ct. 594 (2002).

The court further expounded; emphasizing that when a "claim" is asserted, then and only then, is the petition to be construed as a successive habeas corpus. Id at 125 S.Ct. 2643-2645. In other words, a successive habeas corpus is labeled as soon as

the court recognizes a "claim" has been asserted.

Moreover, the <u>GONZALEZ</u> court also distinguished what was not a successive habeas corpus, but a styled 60(b) motion:

> when " a motion attacks, not the substance of federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceeding," the petition is not a successive habeas corpus. Rather, when a motion alleges "that federal court's misapplied a federal statute. . .fits the description" of a 60(b) motion. Id., at 125 S.Ct. 2648.

This postulation dictates the district Court dismissal of petitioner's 60(b) motion was in error, as a matter of law.

Petitioners' 60(b) motion attacked the integrity of the habeas corpus proceeding, asserting the court's use of the presumption of correctness was misapplied, thus, foregoing a necessary evidentiary hearing.

The federal pactum is deliberate and concise in terms of an evidentiary hearing, and it must be adhered too. Thus, The evidentiary hearing was the issue; not the issues of the September 11, 2006, order purports.

As a result, petitioner believes the court mis-construed ineffective assistance of counsel-Breach of contract, and unknowing plea as the issues. The mere mention of these issues were in consequence absent a proper fact-finder of the statute mandated hearing. In other words, they were only to demonstrate

the lack of the fact-finders determination without process; holding a hearing would have ascended these issue's to the surface. Nothing more! "A mere consequence of not holding a hearing."

### PREVIOUS 60(b)

The district court also referred to the administrative action that terminated petitioner's 60(b) labeling the motion as a successive habeas corpus. Regardless of that contention, the application, and the precedent application, under GONZALEZ, would have to be construed as a successive habeas corpus' under the law. Attached as Exhibit (3) (precedent motion attacked claims). The petitioner can not can not be charged to a label of a 60(b) motion when the substance of the plea is denominated as a successive habeas corpus. GONZALEZ v CROSBY, 125 S.Ct. 2541, 2648 (2005); Attached as Exhibit (4); ABDUR'RAHAM v BELL, 123 S.Ct. 594 (2002); UNITED STATES v BUCK, 282 F.3d 1336 (10th Cir. 2002).

Thus, the court's finding is contrary to law and erroneously applied.

In light of the foregoing purported rules of law, petitioner requests this honorable court grant a certificate of appealability for a determination by and through the Third Circuit Court of Appeals on the matter of labeling, and whether the discussed motion was a 60(b) motion, or a successive habeas corpus application.

Respectfully Submitted,

*Michael P. Evans*

Michael P. Evans

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL P. EVANS                            :

v                                           : CIVIL ACTION NO. 00-0664

SUPERINTENDENT-ROCKVIEW, et al. :

### CERTIFICATE OF SERVICE

I, Michael P. Evans hereby certify a true and correct copy of the foregoing has been sent via United States Postal Service, Pre-paid, First-Class, on this 13th day of October 2006, to the following:

Rebecca Spangler
Office of the District Attorney
Post Conviction/Habeas Corpus
401 Allegheny County Courthouse
Pittsburgh, PA 15219

_Michael P. Evans_
Michael P. Evans

CPS-271                                                              July 7, 2006

# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

C.A. Nos. **06-2922 & 06-2992** (Cons.)

IN RE: MICHAEL EVANS

Present:     BARRY, SMITH AND NYGAARD, <u>CIRCUIT JUDGES</u>

Submitted is Petitioner's petition for writ of habeas corpus, which was docketed in the United States District Court for the Western District at 00-cv-00664 and was transferred by the District Court to be treated as an application under 28 U.S.C. § 2244 to file a second or successive petition under 28 U.S.C. §2254;

in the above-captioned case.

Respectfully,

Clerk

MMW/JJT/je/clw

_____O R D E R_____

The foregoing application to file a second petition pursuant to 28 U.S.C. § 2254 is denied. To the extent that Petitioner's proposed claims were raised in his previous habeas petition, those claims are dismissed. See 28 U.S.C. § 2244(b)(1). Petitioner has not shown that any proposed claim in his application rests on a new rule of constitutional law. See 28 U.S.C. § 2244(b)(2)(A). Petitioner has likewise failed to demonstrate the existence of a factual predicate for his claims which could not have been discovered previously through the exercise of due diligence, as required by 28 U.S.C. § 2244(b)(2)(B)(i). Consequently, Petitioner has not made the prima facie showing required for authorization to file a second or successive habeas corpus petition. See 28 U.S.C. § 2244(b)(3)(C).

By the Court,

/s/ Richard L. Nygaard
Circuit Judge

Dated: July 19, 2006
CLW/cc: Mr. Michael Evans

EXHIBIT (1)

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL EVANS, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>SUPERINTENDENT, STATE )<br>CORRECTIONAL INSTITUTION )<br>ROCKVIEW, ATTORNEY GENERAL )<br>OF THE COMMONWEALTH OF )<br>PENNSYLVANIA, )<br>)<br>Respondents. ) | Civil Action No. 00-0664<br><br>Judge Joy Flowers Conti<br>Magistrate Judge Amy Reynolds Hay |

## ORDER

AND NOW, this 11th day of September, 2006, upon consideration of the Application for Relief Pursuant to F.R.C.P. 60(b)(2)(6) heretofore submitted by the Petitioner, IT IS HEREBY ORDERED that the motion (doc. 21) is DISMISSED as moot. Previously in this case, in and around April 18, 2000, Petitioner filed a petition for writ of habeas corpus, which the district court denied in 2001, and for which the appellate court denied a certificate of appealability in 2002. On December 22, 2005, the Petitioner filed a Motion for Relief Under Rule 60(b) (doc. 13) and subsequently filed a Motion to Amend or Correct his Motion for Relief Under Rule 60(b) (doc. 14). The Court granted the Motion to Amend or Correct (doc. 16) and Petitioner filed his Amended Application for Relief Pursuant to Rule 60(b) ("Amended Application")(doc. 17) on March 9, 2006. Upon receipt of the Amended Application, the Court administratively terminated Petitioner's motion filed at docket number 13 since the Amended Application rendered that motion moot.

EXHIBIT (2)

Thereafter, this court treated the Amended Application as an application to file a successive habeas petition pursuant to 28 U.S.C. § 2244(b)(3) and transferred the Amended Application to the United States Court of Appeals for the Third Circuit for review and determination. By Order entered July 19, 2006, the Third Circuit denied the Amended Application and entered the following Order:

> The foregoing application to file a second petition pursuant to 28 U.S.C. § 2254 is denied. To the extent that Petitioner's proposed claims were raised in his previous habeas petition, those claims are dismissed. See 28 U.S.C. § 2244(b)(1). Petitioner has not shown that any proposed claim in his application rests on a new rule of constitutional law. See 28 U.S.C. § 2244(b)(2)(A). Petitioner has likewise failed to demonstrate the existence of a factual predicate for his claims which could not have been discovered previously through the exercise of due diligence, as required by 28 U.S.C. § 2244(b)(2)(B)(i). Consequently, Petitioner has not made the prima facie showing required for authorization to file a second or successive habeas corpus petition. See 28 U.S.C. § 2244(b)(3)(C).

Because the instant application seeks in effect to reinstate the Amended Application, which has been denied, the application is moot and there is no further relief that the Court can afford Petitioner on this matter.

In his most recent application, the Petitioner expresses concern that his Rule 60(b) motion was never ruled upon since he received the notification that his Motion for Relief Under 60(b) was terminated. However, as explained above, said motion was mooted and replaced by the Amended Application, which was ultimately ruled upon by the Third Circuit. The

"termination" of the original motion was merely an administrative action and did not prevent the Court from reviewing and deciding Petitioner's Amended Application.

/s/ Amy Reynolds Hay
AMY REYNOLDS HAY
United States Magistrate Judge

cc: Michael Evans
AP-9736
SCI Rockview
Box A
Bellefonte, PA 16823

Rebecca D. Spangler
Office of the District Attorney
Post Conviction/Habeas Corpus
401 Allegheny County Courthouse
Pittsburgh, PA 15219

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL EVANS,                              : No.

    Petitioner                          :

        v.                               :

SUPERINTENDENT TENNIS, et al.,              :

    Respondent.

## MOTION FOR RELIEF UNDER RULE 60(b)

AND NOW, comes, Michael Evans, (Petitioner), who files this Motion for Relief, pursuant to F.R.C.P. Rule 60(b), in support thereof represents the following:

### I. JURISDICTION

This Court has jurisdiction to hear this Motion pursuant to Rule 60(b). Moreover, since the jurisdictional time bar in §2244(b)(3)(e) does not apply to Rule 60(b) motions this court has ample jurisdiction to reach the merits.

### II. STATEMENT OF THE CASE

PROCEDURAL HISTORY

The Petitioner entered a guilty plea in the Court of Common Pleas of Allegheny County at Docket No.s CC9315998 and CC9316000 to counts 2 through 8, 10, 12 and 14, and entered a nolo contendere plea to counts 9, 11, 13 and 15. On April 6, 1995 petitioner was sentenced to an aggregate term of incarceration of 20 to 40 years.

Petitioner filed a PCRA Petition in the state Court which counsel was appointed. The PCRA Petition was filed on August 22, 1996, challenging the

EXHIBIT (3)

Constitutionality of his guilty plea. The PCRA Court denied relief and the petitioner filed a timely appeal to the Superior Court of Pennsylvania which denied relief on April 9, 1999. The Supreme Court denied allowance on November 9, 1999.

The Petitioner thereafter filed a writ of habeas corpus with this Court at Michael Evans v. Superintendent at Docket No. 00-664. The Report and Recommendation denied all relief. Petitioner filed timely objections which were denied by Judge Ziegler. Thereafter, petitioner filed a timely Notice of Appeal to the Third Circuit which was docketed at No. 01-2424. The Third Circuit denied a formal Application for Certificate of Appealability on July 8, 2002.[1]

Petitioner filed a Second PCRA Petition in the state court which counsel was appointed and at the latter permitted to withdraw. The PCRA Court denied relief and petitioner again appealed to the Superior Court, which affirmed judgement on August 25, 2004 at Docket No. 2035 WDA 2003. A timely Petition for Reargument was filed and entered in the Superior Court docket as a other petition remitted on October 5, 2004. The Superior Court docket shows no disposition of the Reargument Application, but claims the matter is closed.

### III. REASONS FOR GRANTING 60(b) MOTION

a) WHETHER THE PROSECUTOR COMMITTED FRAUD TO OBTAIN A CONVICTION, INSOFAR, AS THE PROSECUTION DID WITHHOLD DISCOVERY WHICH INDUCED A PLEA, THUS, THE FRAUD BY THE PROSECUTION CAUSED ADDITIONAL CHARGES TO BE ADDED TO THE GUILTY PLEA AT SENTENCING WHICH ARE ILLEGAL AS NO PLEA WAS ENTERED.

This Court clearly cannot rely upon its prior fact findings. A comprehensive review of the Report and Recommendation that was adopted by the District Court is in error. This Court cannot now rely on the law case

---

1. Petitioner filed for Nunc Pro Tunc Relief in the Supreme Court of Pennsylvania, asserting the Superior Court failed to serve a final order. The Application was denied on September 26th, 2005.

2

as it is not correct. For example the Report as an incorrect date of sentence, which is vital to the outcome of the proceedings. Petitioner has attached hereto exhibit (a) being an Affidavit from Petitioner's prior counsel during pretrial, plea and sentence proceedings. Clearly, had the Report and Recommendation independently reviewed the record, it would have found due to a prosecutorial fraud, petitioner was sentenced on additional counts of indictment, which he never entered a plea upon. This occurred on April 6, 1995 during the sentencing. Id. The Report as listed in its law of the case that Petitioner was sentenced on February 7, 1995. Id. See Report and Recommendation at (11).

Clearly, under the Fourteenth Amendment, since the petitioner never entered a guilty plea to the additional charges the prosecutor claims to have amended into the information; there was no jurisdiction for the Common Pleas Court to impose sentence. The Commonwealth through its fraudulent representations claims, that additional amendments were granted on November 21, 1994. The 11/24/94 date therefore, would be the same date petitioner entered a guilty plea. This is precisely what this court overlooked. Attorney Verdell Dean consistently claimed, if she was informed of the additional charges she would not have advised her client to plead guilty. To lend credence to petitioner's assertion, these additional charges did not come to light until the day of sentence, which there was a discussion on the record, and petitioner was sentenced on the additional charges without entering a guilty plea. Accordingly, this Court must take judicial notice that no reasonable fact finder would have allowed this conviction to stand, as this is official oppression, fraud, and possibly a civil, conspiracy by the prosecution in this case. This court may grant relief from the operation of judgement.

The Prosecution thus committed fraud in the discovery process. Petitioner's counsel filed a Motion to Compel Discovery, and the prosecution did not file any response until two days prior to its motion to amend the charges. The Commonwealth's Response is time stamped for September 1, 1994. Clearly, Verdell Deans Affidavit is accurate and proves beyond doubt that the Commonwealth committed fraud during the discovery process by forcing Verdell Dean to remain silent and accept this miscarriage of justice. This Court has the authority under 60(b)(6) to grant relief.

b) WHETHER THE AFFIDAVIT OF VERDELL DEAN DEMONSTRATES CONVINCING EVIDENCE THAT PETITIONER SHOULD HAVE BEEN GRANTED A PROCEDURAL COMPETENCY HEARING.

The Affidavit allows a clear picture that the petitioner was in a mental health institution, that on the day he entered his plea, he did not understand the proceedings, as he had to change answers at the direction of his counsel on the written plea form, he was informed the prosecution would not participate in sentence, which was fraud as the prosecution waited until the exact sentence to impose additional charges, and the petitioner informed the plea court he was not guilty.

Clearly, this entire case was based upon fraud. The Report found petitioner was sentence shopping and unhappy with his sentence as he waited three months. Accordingly, the affidavit lends credence that there should have a procedural competency claim, as it takes months and sometimes years for a tortured mental health individual to become conscious enough to finally realize what occurred in a previous event. Clearly, there has been a miscarriage of justice in the instant case at bar.

4

## CONCLUSION

WHEREFORE, it is respectfully requested a show cause order issue upon the Commonwealth to Show Cause why the instant motion should not be granted. Petitioner further request this Court order each party to brief the issues by the date this Court sets.

Respectfully submitted,

*Michael Evans*

Michael Evans

#ES-1519

BOX A.

Bellefonte, Pa 16823

CERTIFICATE OF SERVICE

The undersigned, hereby certifies that a true and correct copy of the within document was served this 22nd day of December, 2005 upon the persons indicated below.

CLERK OF COURTS
U.S. DISTRICT COURT

PITTSBURGH, PA 15230

MICHAEL WAYNE STREILY, ESQ
ALLEGHENY DISTRICT ATTORNEY

401 Allegheny County Courthouse
Pittsburgh, Pa 15219

s/ Michael Evans

Michael Evans

6

## 2640 — 125 SUPREME COURT REPORTER

sity cases is not the meaning of 'original jurisdiction' but rather the [discrete] requirements of sections 1331 and 1332. Under § 1331, the sole issue is whether a federal question appears on the face of the plaintiff's well-pleaded complaint; § 1332's jurisdictional requirements by using the [citizenship] of the parties and the amounts they stand to recover [do not bear on that determination]. Section 1332, by contrast, predicates original jurisdiction on the identity of the parties brought in the first instance. *Kroger* is the paradigm case. See *supra*, at 2633. There, the Court held that ancillary jurisdiction did not extend to a plaintiff's claim against a nondiverse party who had been impleaded by the defendant under Rule 14. Section 1367(b), then, is corroborative of § 1367(a)'s coverage of claims formerly called ancillary, but provides exceptions to assure that accommodation of added claims would not fundamentally alter "the jurisdictional requirements of section 1332." See Pfander, *supra*, at 135–137.

What is the utility of § 1367(b) under my reading of § 1367(a)? Section 1367(a) allows parties other than the plaintiff to assert *reactive* claims once entertained under the heading ancillary jurisdiction. See *supra*, at 2633 (listing claims, including compulsory counterclaims and impleader claims, over which federal courts routinely exercised ancillary jurisdiction). As earlier observed, see *supra*, at 14, § 1367(b) stops plaintiffs from circumventing § 1332's jurisdictional requirements by using another's claim as a hook to add a claim that the plaintiff could not have brought in the first instance. *Kroger* is the paradigm case. See *supra*, at 2633. It does not attribute to Congress a jurisdictional enlargement broader than the one to which the legislators adverted. cf. *Finley*, 490 U.S., at 549, 109 S.Ct. 2003, and it follows the sound counsel that "close questions of [statutory] construction should be resolved in favor of continuity and against change." Shapiro, Continuity and Change in Statutory Interpretation, 67 N.Y.U.L.Rev. 921, 925 (1992).[14]

While § 1367's enigmatic text[12] defies flawless interpretation, see *supra*, at 2637, n. 8,[13] the precedent-preservative reading, I am persuaded, better accords with the historical and legal context of Congress' enactment of the supplemental jurisdiction statute, see *supra*, at 2633–2634, 2636, and as time-barred, and denied a certificate of appealability (COA). The Eleventh Circuit Court of Appeals also denied a COA. Petitioner moved for relief from judgment. The United States District Court for the Southern District of Florida denied motion. Petitioner appealed. The Eleventh Circuit Court of Appeals initially granted a COA. The Eleventh Circuit Court of Appeals, Carnes, Circuit Judge, 317 F.3d 1308, quashed the COA as improvidently granted. On rehearing en banc, the Eleventh Circuit Court of Appeals, 366 F.3d 1253, vacated the order quashing the COA, and affirmed the denial of the motion.

**Holdings:** Following grant of certiorari, the United States Supreme Court, Justice Scalia held that:

(1) a motion for relief from judgment, seeking to advance one or more substantive claims, qualified as "second or successive habeas petition";

(2) motion for relief from judgment, challenging only District Court's prior ruling that habeas petition was time-barred, was not the equivalent of a "second or successive habeas petition"; and

(3) Supreme Court's decision in *Artuz v. Bennett* did not constitute "extraordinary circumstances," as required for petitioner to prevail in motion to vacate.

Affirmed.

Justice Stevens filed concurring opinion.

Justice Breyer filed dissenting opinion, in which Justice Souter joined.

Justice STEVENS has shown, see *ante*, at 2628 (dissenting opinion), is corroborative of the statutory reading set out above.

For the reasons stated, I would hold that § 1367 does not overrule *Clark* and *Zahn*. I would therefore affirm the judgment of the Court of Appeals for the First Circuit and reverse the judgment of the Court of Appeals for the Eleventh Circuit.

★ ★ ★

### Aurelio O. GONZALEZ, Petitioner,

v.

### James V. CROSBY, Jr., Secretary, Florida Department of Corrections.

No. 04-6432.

Argued April 25, 2005.

Decided June 23, 2005.

**Background:** Petitioner convicted in state court for robbery with a firearm filed petition for federal writ of habeas corpus. The United States District Court for the Southern District of Florida dismissed petition

---

## GONZALEZ v. CROSBY — 2641
Cite as 125 S.Ct. 2641 (2005)

---

**Footnotes:**

12. The Court notes the passage this year of the Class Action Fairness Act (CAFA), Pub.L. 109-2, 119 Stat. 4, *ante*, at 2627–2628, only to dismiss that legislation as irrelevant. Subject to several exceptions and qualifications, CAFA provides for federal-court adjudication of ... actions in which diversity is "minimal" (one plaintiff's diversity from one defendant suffices), and the "matter in controversy" is an aggregate amount in excess of $5,000,000. Significant here, CAFA's enlargement of federal-court diversity jurisdiction was accomplished, "clearly and conspicuously," by amending § 1337 *Rowar*, in *Ortega*, 370 F.3d 124, 142 (C.A.1 2004).

13. If § 1367(a) itself renders unnecessary the listing of Rule 20 plaintiffs and Rule 23 class actions in § 1367(b), see *supra*, at 2639, then it is similarly unnecessary to refer, as § 1367(b) does, to "persons proposed to be joined as plaintiffs under Rule 19." ... 

14. While the interpretation of § 1367 described in this opinion does not rely on the measure's legislative history, that history, as ...

---

EXHIBIT (4)

AEDPA's restrictions on successive habeas petitions would be "inconsistent with" the statute. A Rule 60(b) motion can be said to bring a "claim" if it seeks to add a new ground for relief from the federal court's previous resolution of a claim *on the merits*, though not if it merely attacks a defect in the federal habeas proceedings' integrity. Pp. 2645–2648.

(b) When no "claim" is presented, there is no basis for contending that a Rule 60(b) motion should be treated like a habeas petition. If neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed on its own terms creates no inconsistency with the habeas statute or rules. Petitioner's motion, which alleges that the federal courts misapplied § 2244(d)'s statute of limitations, fits this description. Nothing in *Calderon v. Thompson*, 523 U.S. 538, 118 S.Ct. 1489, 140 L.Ed.2d 728, suggests that entertaining a filing confined to a *nonmerits* aspect of the first federal habeas proceeding is "inconsistent with" AEDPA. Pp. 2648–2650.

2. Under the proper Rule 60(b) standards, the District Court was correct to deny relief. The change in the law worked by [...] justifying relief under Rule 60(b)(6), and it is made all the less extraordinary by the lack of diligence that petitioner showed in seeking direct appellate review of the statute-of-limitations issue. Pp. 2650–2651.

366 F.3d 1253, affirmed.

SCALIA, J., delivered the opinion of the Court, in which REHNQUIST, C.J., and O'CONNOR, KENNEDY, THOMAS, GINSBURG, and BREYER, JJ., joined. BREYER, J., filed a concurring opinion.

STEVENS, J., filed a dissenting opinion, in which SOUTER, J., joined.

———

Patricia A. Millett, for United States as amicus curiae, by special leave of the Court, supporting the respondent.

Kathleen M. Williams, Paul M. Rashkind, Richard C. Klugh, Miami, Florida, for Petitioner.

Charles J. Crist, Jr., Christopher M. Kise, Carolyn Snurkowski, Cassandra Dolgin, Tallahassee, Florida, for Respondent.

For U.S. Supreme Court briefs, see:
2005 WL 556836 (Pet.Brief)
2005 WL 769637 (Resp.Brief)
2005 WL 916159 (Reply.Brief)

Justice SCALIA delivered the opinion of the Court.

After the federal courts denied petitioner habeas corpus relief from his state conviction, he filed a motion for relief from that judgment, pursuant to Federal Rule of Civil Procedure 60(b). The question presented is whether, in a habeas case, such motions are subject to the additional restrictions that apply to "second or successive" habeas corpus applications under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), codified at 28 U.S.C. § 2244(b).

I

Petitioner Aurelio Gonzalez pleaded guilty in Florida Circuit Court to one count of robbery with a firearm. He filed no appeal and began serving his 99-year sentence in 1982. Some 12 years later, petitioner began to seek relief from his conviction. He filed two motions for state

postconviction relief, which the Florida courts denied. Thereafter, in June 1997, petitioner filed a federal habeas petition in the United States District Court for the Southern District of Florida, alleging that his guilty plea had not been entered knowingly and voluntarily.

Upon the State's motion, the District Court dismissed petitioner's habeas petition as barred by AEDPA's statute of limitations, 28 U.S.C. § 2244(d). Under Eleventh Circuit precedent, petitioner's filing deadline, absent tolling, was April 23, 1997, one year after AEDPA's statute of limitations took effect. *Wilcox v. Florida Dept. of Corrections*, 158 F.3d 1209, 1211 (C.A.11 1998) (per curiam). Adopting a Magistrate Judge's recommendation, the District Court concluded that the limitations period was not tolled during the 163-day period while petitioner's second motion for state postconviction relief was pending. Section 2244(d)(2) tolls the statute of limitations during the pendency of "properly filed" applications only, and the District Court thought petitioner's motion was not "properly filed" because it was both untimely and successive. Without tolling, petitioner's federal habeas petition was two months late, so the District Court dismissed it as time barred. A judge of the Eleventh Circuit denied a certificate of appealability (COA) on April 6, 2000, and petitioner did not file for rehearing or review of that decision.

On November 7, 2000, we held in *Artuz v. Bennett*, 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213, that an application for state postconviction relief can be "properly filed" even if the state courts dismiss it as procedurally barred. See *id.*, at 2648–2649. Almost nine months later, petitioner filed a federal habeas Rule 60(b) motion to reopen his case, arguing that the Eleventh Circuit's time-bar ruling was incorrect under *Artuz*'s construction of § 2244(d), and invoking Federal Rule of Civil Procedure 60(b)(6), which permits a court to relieve a party from the effect of a final judgment.[1] The District Court denied the motion, and petitioner appealed.

A judge of the Court of Appeals for the Eleventh Circuit granted petitioner a COA, but a panel quashed the certificate as improvidently granted. 317 F.3d 1308, 1310, 1314 (2003). The full court vacated that order and reheard the case en banc. It granted petitioner a COA but held, by a vote of 7 to 4, that the District Court was correct to deny his Rule 60(b) motion. The en banc majority determined that petitioner's motion—indeed, any postjudgment motion under Rule 60(b) save one alleging fraud on the court under Rule 60(b)(3)—was in substance a second or successive habeas corpus petition. 366 F.3d 1253, 1278, 1281–1282 (2004). A state prisoner may not file such a petition without precertification by the court of appeals that the petition meets certain stringent criteria. § 2244(b). Because petitioner's motion did not satisfy these requirements, the Eleventh Circuit affirmed its denial.

We granted certiorari. 543 U.S. ___, 125 S.Ct. 961, 160 L.Ed.2d 895 (2005).

II

Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence.[2] Rule

---

1. Although the title "Motion to Alter or Amend Judgment" suggests that petitioner was relying on Federal Rule of Civil Procedure 59(e), the substance of the motion made clear that petitioner sought relief under Rule 60(b).

2. Rule 60(b) provides, in relevant part

**2648**   125 SUPREME COURT REPORTER

Court, that was previously unavailable." In addition to the substantive conflict with AEDPA standards, in each of these three examples use of Rule 60(b) would impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar. § 2244(b)(2).

In most cases, determining whether a Rule 60(b) motion advances one or more "claims" will be relatively simple. A motion that seeks to add a new ground for relief, as in *Harris, supra,* will of course qualify. A motion can also be said to bring a "claim" if it attacks the federal court's previous resolution of a claim *on the merits,*[4] since alleging that the court erred in denying habeas relief on the merits of a claim is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief. That is not the case, however, when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings.[5]

**B**

[7, 8] When no "claim" is presented, there is no basis for contending that the Rule 60(b) motion should be treated like a habeas corpus application. If neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules. Petitioner's motion in the present case, which alleges that the federal courts misapplied the federal statute of limitations set out in § 2244(d), fits this description.[6]

Like the Court of Appeals, respondent relies heavily on our decision in *Calderon v. Thompson,* 523 U.S. 538, 118 S.Ct. 1489, 140 L.Ed.2d 728 (1998). In that case we

---

4. The term "on the merits" has multiple usages. *See, e.g., Semtek Int'l Inc. v. Lockheed Martin Corp.,* 531 U.S. 497, 501–503, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001). We refer here to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d). Where a movant asserts one of those grounds (or asserts that a previous ruling resolving such a claim was in error) we will conclude that a "claim" is presented, even if the motion seeks only to present the claim by way of a Rule 60(b) motion rather than a habeas corpus application. He is not doing so when he merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.

5. Fraud on the federal habeas court is one example of such a defect. *See generally Rodriguez v. Mitchell,* 252 F.3d 191, 199 (C.A.2 2001) (a witness's allegedly fraudulent basis for refusing to appear at a federal habeas hearing "related[d] to the integrity of the federal habeas proceeding, not to the integrity of the state criminal trial"). We note that an

6. Petitioner notes that we held in *Slack v. McDaniel,* 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000), that when a petition is dismissed without prejudice on exhaustion grounds, the refiled petition is not "successive." He argues that, by parity of reasoning, his Rule 60(b) motion challenging the District Court's dismissal of his petition on statute-of-limitations grounds, is not "successive." If the argument is correct, petitioner would be able to file not just a Rule 60(b) motion, but a full-blown habeas petition, without running afoul of § 2244(b). *But see, e.g., Murray v. Greiner,* 394 F.3d 78, 81 (C.A.2 2005). We need not consider this contention, however, because we conclude that petitioner's Rule 60(b) motion is not subject to the limitations applicable to habeas petitions.

---

**GONZALEZ v. CROSBY**
Cite as 125 S.Ct. 2641 (2005)
**2649**

reversed the Ninth Circuit's decision to recall its mandate and reconsider the denial of Thompson's first federal habeas petition; the recall was, we held, an abuse of discretion because of its inconsistency with the policies embodied in AEDPA. *Id.* at 554–559, 118 S.Ct. 1489. Analogizing an appellate court's recall of its mandate to a district court's grant of relief from judgment, the Eleventh Circuit thought that *Calderon's* disposition applied to Rule 60(b). 366 F.3d, at 1272–1277. We think otherwise. To begin with, as the opinion said, compliance with the actual text of AEDPA's successive-petition provision was not at issue in *Calderon*—because the Court of Appeals considered only the claims and evidence presented in Thompson's first federal habeas petition. 523 U.S., at 554, 118 S.Ct. 1489. *Calderon* did state, however, that "a prisoner's motion to recall the mandate on the basis of *the merits of the underlying decision* can be regarded as a second or successive application." *Id.* at 553, 118 S.Ct. 1489 (emphasis added). But that is entirely consonant with the proposition that a Rule 60(b) motion that seeks to revisit the federal court's denial *on the merits* of a claim for relief should be treated as a successive habeas petition. The problem for respondent is that this case does not present a revisitation *of the merits.* The motion here, like some other Rule 60(b) motions in § 2254 cases, confines itself not only to the first federal habeas petition, but to a nonmerits aspect of the first federal habeas proceeding. Nothing in *Calderon* suggests that entertaining such a filing is "inconsistent with" AEDPA.

Rule 60(b) has an unquestionably valid role to play in habeas cases. The Rule is often used to relieve parties from the effect of a default judgment mistakenly entered against them, *e.g., Klapprott v. United States,* 335 U.S. 601, 69 S.Ct. 384 (opinion of Black, J.), a function as legitimate in habeas cases as in run-of-the-mine civil cases. The Rule also preserves parties' opportunity to obtain vacatur of a judgment that is void for lack of subject-matter jurisdiction—a consideration just as valid in habeas cases as in any other, since absence of jurisdiction altogether deprives a federal court of the power to adjudicate the rights of the parties. *Steel Co. v. Citizens for Better Environment,* 523 U.S. 83, 94, 101, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). In some instances, we may note, it is the State, not the habeas petitioner, that seeks to use Rule 60(b), to reopen a habeas judgment granting the writ. *See, e.g., Ritter v. Smith,* 811 F.2d 1398, 1400 (C.A.11 1987).

Moreover, several characteristics of a Rule 60(b) motion limit the friction between the Rule and the successive-petition prohibitions of AEDPA, ensuring that our harmonization of the two will not expose federal courts to an avalanche of frivolous postjudgment motions. First, Rule 60(b) contains its own limitations, such as the requirement that the motion "be made within a reasonable time" and the more specific 1-year deadline for asserting Rule 60(b)(1)–(3) motions (excusable neglect, newly discovered evidence, and fraud). Second, our cases have required a movant seeking relief under Rule 60(b)(6) to show "extraordinary circumstances" justifying the reopening of a final judgment. *Ackermann v. United States,* 340 U.S. 193, 199, 71 S.Ct. 209, 95 L.Ed. 207 (1950); accord, *id.,* at 202, 71 S.Ct. 209; *Liljeberg v. Health Services Acquisition Corp.,* 486 U.S. 847, 864, 108 S.Ct. 2194, *id.,* at 873, 108 S.Ct. 2194 (REHNQUIST, C. J., dissenting) ("This very strict interpretation of Rule 60(b) is essential if the finality of judgments is to be preserved"). Such circumstances will rarely occur in the habeas context. Third, Rule 60(b) proceedings are subject to only limited and deferential appellate review. *Browder v. Director, Dept. of Corrections,*

ring in part and dissenting in part, and I agree with it. I fear that other language in the majority's opinion, especially its discussion of the significance of the word "claim," could be taken to imply a different standard, with which I would disagree. With that qualification, I join the majority's opinion.

Justice STEVENS, with whom Justice SOUTER joins, dissenting.

The most significant aspect of today's decision is the Court's unanimous rejection of the view that all postjudgment motions under Federal Rule of Civil Procedure 60(b) except those alleging fraud under Rule 60(b)(3) should be treated as second or successive habeas corpus petitions. Not only do I agree with that holding, I believe that we should have more promptly made clear that the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) and Rule 60(b) can coexist in harmony. See *Abdur'Rahman v. Bell*, 537 U.S. 88, 90, 123 S.Ct. 594, 154 L.Ed.2d 501 (2002) (STEVENS, J., dissenting from dismissal of certiorari as improvidently granted).

As the Court recognizes, whether a Rule 60(b) motion may proceed in the habeas context depends on the nature of the relief the motion seeks. See *ante*, at 2648.[1] Giving preclusive effect to the First Circuit's useful formulation, I agree with the Court that this was a "true" Rule 60(b) motion and that the District Court and the Court of Appeals therefore erred in treating it as a successive habeas

[1] Under the First Circuit's useful formulation, which was invoked by Judge Trollat's dissenting opinion below, "[w]hen the motion's factual predicate deals primarily with the constitutionality of the underlying state conviction or sentence, then the motion should be treated as a second or successive habeas petition. ... If, instead, the motion attacks some defect in the integrity of the federal habeas proceeding, ... it is not a successive habeas petition." *Rodwell v. Pepe*, 324 F.3d 66, 70 (2003) (citation omitted); see also *Harris v. United States*, 366 F.3d 1253, 1297 (CA11 2004) (Tjoflat, J., concurring in part and dissenting in part).

petition. And while I also agree with much of the Court's reasoning in Parts I and II of its opinion, I believe the Court goes too far in commenting on issues that are not directly before us and that have not been fully briefed. See, *e.g.*, *ante*, at 2647 (discussing various court of appeals cases). My main disagreement, however, pertains to Part III of the Court's opinion.

The Court reaches beyond the question on which we granted certiorari (whether petitioner's Rule 60(b) motion should be treated as a successive habeas petition) and adjudicates the merits of that motion. In my judgment, however, "correct procedure requires that the merits of the Rule 60(b) motion be addressed in the first instance by the District Court." *Abdur'Rahman*, 537 U.S., at 97, 123 S.Ct. 594 (STEVENS, J., dissenting). A district court considering a Rule 60(b) motion will often take into account a variety of factors in addition to the specific ground given for reopening the judgment. These factors include the diligence of the movant, the probable merit of the movant's underlying claims, the opposing party's reliance interests in the finality of the judgment, and other equitable considerations. See 11 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2857 (2d ed.1995 and Supp.2004); see *ibid.* (noting that, appellate review of "a district court's decision only for an abuse of discretion"); *Pluat v. Spendthrift Farm, Inc.*, 514 U.S. 211, 233–234, 115 S.Ct. 1447, 131 L.Ed.2d 328 (1995) (Rule 60(b) "reflects and confers on the district courts a grant of jurisdiction ... that is the classic function of a Rule 60(b) motion, and such a motion should be treated within the usual function of Rule 60(b)").

firms the courts' own inherent and discretionary power, 'firmly established in English practice long before the foundation of our Republic,' to set aside a judgment whose enforcement would work inequity." "[D]ismissal of a first federal habeas petition is a particularly serious matter, for that dismissal denies the petitioner the protections of the Great Writ entirely, risking injury to an important interest in human liberty." *Lonchar v. Thomas*, 517 U.S. 314, 324, 116 S.Ct. 1293, 134 L.Ed.2d 440 (1996); see also *Slack v. McDaniel*, 529 U.S. 473, 483, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) ("The writ of habeas corpus plays a vital role in protecting constitutional rights"). When a habeas petition has been dismissed on a clearly defective procedural ground, the State can hardly claim a legitimate interest in the finality of that judgment. Indeed, the State has experienced a windfall, while the state prisoner has been deprived—contrary to congressional intent—of his valuable right to one full round of federal habeas review.

While this type of supervening change in procedural law may not alone warrant the reopening of a habeas judgment, there may be special factors that allow a prisoner to satisfy the high standard of Rule 60(b)(6). For instance, when a prisoner has shown reasonable diligence in seeking relief based on a change in procedural law, and when that prisoner can show that claims, it would be well in keeping with a district court's discretion under Rule 60(b)(6) for that court to reopen the habeas judgment and give the prisoner the one fair shot at habeas review that Congress intended that he have. After all, we have consistently recognized that Rule 60(b)(6) "provides courts with authority 'adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice.'" *Liljeberg v. Health Services*, [citation continues]

2. Although the State contests this point in a footnote, see Brief for Respondent 40–41, n. 13, the Court rightly assumes that the District Court's decision was incorrect. See ante, at first instance.

2649, and n. 8. If any doubt remains, it should be resolved by the District Court in the first instance.

on which we granted certiorari (whether before us as we are insufficient with regard to the merits issue.

Orderly procedure aside, the Court's truncated analysis is unsatisfactory. At least in some circumstances, a supervening change in AEDPA procedural law can be the kind of "extraordinary circumstance[]," *Ackermann v. United States*, 340 U.S. 193, 199, 71 S.Ct. 209, 95 L.Ed. 207 (1950), that constitutes a "reason justifying relief from the operation of the judgment" within the meaning of Rule 60(b)(6). In this case, the District Court dismissed petitioner's habeas petition as time barred after concluding that his second motion for state postconviction relief did not toll AEDPA's statute of limitations. See 28 U.S.C. § 2244(d). After that judgment became final, however, we decided *Artuz v. Bennett*, 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000), which made clear that the District Court's ruling on tolling was erroneous and that the habeas petition should therefore not have been dismissed.[2]

Unfortunately, the Court, underestimates the significance of the fact that petitioner was effectively shut out of any federal court without any adjudication of the merits of his claims—because of a procedural ruling that was later shown to be flatly mistaken. As we have stressed,